IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JASON ALUMBAUGH,<br>ADC #552277, | *<br>*<br>* | |
| Plaintiff, | *<br>* | |
| v. | *<br>* | No. 4:16CV00651-JJV |
| OSBURNE, Officer/Guard,<br>Faulkner County Detention Center<br>Unit 1, | *<br>*<br>*<br>* | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Jason Alumbaugh ("Plaintiff") brings this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 6.) He alleges Defendant Osburne,[1] a guard at the Faulkner County Detention Center, failed to protect him from an attack by another inmate. (*Id*. at 4-5.) Plaintiff seeks compensatory and punitive damages. (*Id*. at 6.) Defendant has filed a Motion for Summary Judgment, contending he is entitled to judgment as a matter of law on Plaintiff's claims. (Doc. No. 18.) Plaintiff has not responded, and this matter is now ripe for a decision. For the following reasons, I find summary judgment is appropriate and this action is dismissed.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or

---

[1] Defendant's full and correct name is Fraser Osborne. (Doc. No. 18 at 1.) The Clerk is directed to amend the docket to reflect the correct spelling of his name.

is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.    ANALYSIS

#### A.    Official Capacity Claim

Plaintiff has sued Defendant in both his personal and official capacities. (Doc. No. 6 at 2.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166. Thus, Plaintiff's

official capacity claim against Defendant is to be treated as a claim against Faulkner County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91. A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Id*. at 691. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Faulkner County that caused or contributed to his alleged injury. In fact, he alleges Defendant violated official policy by failing to handcuff a detainee during transport. (Doc. No. 6 at 4.) Because Plaintiff makes no allegation that Defendant was implementing an unconstitutional policy or custom, his official capacity claim against Defendant must be dismissed.

### B.     Personal Capacity Claim

Defendant contends he is entitled to qualified immunity on Plaintiff's claim against him in his personal capacity. (Doc. No. 19 at 5-6.) Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately

resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

Plaintiff alleges he was attacked by another inmate on September 2, 2016. (Doc. No. 6 at 4.) According to his Amended Complaint, Plaintiff was handcuffed to a bench in the booking area of the detention center while Defendant was supervising another inmate in the shower. (*Id*.) When the other inmate finished his shower, he left the shower area, unsupervised and un-handcuffed. (*Id*.) When the inmate noticed Defendant was not around, he attacked Plaintiff, who was unable to defend himself. (*Id*.) According to Plaintiff, when Defendant discovered the attack, he laughed at Plaintiff and let the other inmate hit him one more time before putting him in his cell. (*Id*. at 5.)

---

[2] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).

The Eighth Amendment[3] requires prison officials to take reasonable measures to guarantee the safety of inmates and to protect them from violence at the hands of other inmates. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). An Eighth Amendment claim for failure to protect is comprised of two elements. *Riley v. Olk-Long*, 282 F.3d 592, 595 (8th Cir. 2002). First, an inmate must show he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* (citing *Farmer*, 511 U.S. at 834). Second, the inmate must establish prison officials recklessly disregarded that risk. *Id.* For purposes of failure-to-protect claims, it does not matter "whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Hott v. Hennepin Cty., Minn.*, 260 F.3d 901, 906 (8th Cir. 2001) (quoting *Farmer*, 511 U.S. at 843). The question is whether a prison official has a "sufficiently culpable state of mind," meaning he is deliberately indifferent to an inmate's safety. *Riley*, 282 F.3d at 595 (quoting *Farmer*, 511 U.S. at 834). The prison official's state of mind is measured by a subjective, rather than an objective, standard. *Id.* He must both know of and disregard an excessive risk to inmate safety; in other words, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's allegations fail to establish either element required to prove an Eighth Amendment violation. First, Plaintiff has not shown he was incarcerated under conditions posing a substantial risk of serious harm. Plaintiff alleges Defendant violated policy by failing to handcuff an inmate under his supervision while transporting that inmate from the shower area back to his

---

[3] According to Plaintiff's Amended Complaint, he was a convicted inmate at the time of the alleged incident. (Doc. No. 6 at 3.)

cell.  (Doc. No. 6 at 4.)  But "there is no § 1983 liability for violating prison policy."  *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).  And although Plaintiff suggests Defendant was negligent in failing to handcuff the inmate (Doc. No. 6 at 5), mere negligence is not enough to create liability under the Eighth Amendment.  *See, e.g.*, *Newman v. Holmes*, 122 F.3d 650, 653 (8th Cir. 1997).

     Nor has Plaintiff demonstrated Defendant was deliberately indifferent to his safety.  Plaintiff has alleged no facts from which an inference could be drawn that a substantial risk of serious harm existed.  *See Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996).  He has not alleged a history of threats or violence on the part of the inmate who attacked him, nor has he suggested there was any animosity between them.  According to Defendant's Affidavit, he had "no prior knowledge of any incidents or history" between the two inmates.  (Doc. No. 20-1 at 1.)  In short, there is no evidence that Plaintiff was a likely target of violence or that the inmate who attacked him harbored any animosity toward Plaintiff.  *See Curry v. Crist*, 226 F.3d 974, 979 (8th Cir. 2000).  The Eighth Circuit has consistently held "that prison officials are entitled to qualified immunity from § 1983 damage actions premised on an Eighth Amendment failure-to-protect theory when an inmate was injured in a surprise attack by another inmate."  *Id*. at 978-79.

     Further, even assuming Defendant knew of an excessive risk to Plaintiff's safety, there is no evidence he disregarded it.  According to Defendant's Affidavit, he was escorting the inmate who attacked Plaintiff from the shower area back to his cell – a distance of approximately ten feet.  (Doc. No. 20-1 at 1.)  But the inmate was able to reach Plaintiff and punch him a few times before Defendant "ran toward the situation" and separated them.  (*Id*.)  The incident report, which includes statements from Defendant and another officer, corroborates this account.  (*Id*. at 2.)  Contrary to Plaintiff's claim that Defendant laughed and allowed the inmate to hit him one more time, the

evidence submitted by Defendant shows he ended the attack as quickly as possible. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

For these reasons, Plaintiff has failed to show Defendant violated his constitutional rights by disregarding a known risk to his safety. Because the facts alleged or shown, construed in the light most favorable to Plaintiff, do not establish a violation of a constitutional or statutory right, Defendant is entitled to qualified immunity on Plaintiff's failure-to-protect claim.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Clerk amend the docket to reflect the full and correct name of Defendant Fraser Osborne. (Doc. No. 18 at 1.)

2. Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

3. Plaintiff's cause of action is DISMISSED with prejudice.

4. Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order or accompanying Judgment would not be taken in good faith.

DATED this 22nd day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE